UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROBERT LEE ORTEGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-109 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Robert Lee Ortega ("Ortega") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1). Respondent filed a Motion for Summary Judgment (Dkt. No. 34) to which Ortega responded (Dkt. No. 35). After considering the parties' arguments and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment should be granted and that Ortega's petition should be denied.[1]

**I. Factual Background**

Ortega is incarcerated pursuant to a judgment of the 24th Judicial District Court of Refugio County, Texas, cause number 2001-1-41-4146, styled *The State of Texas v. Robert Lee Ortega*. *Ex Parte Ortega*, Application No. 68,455-01 at 3. The State charged Ortega with assault on a peace officer, arising out of events on November 3, 2000, involving peace officer Doug Carter. *Id.* at 1. Ortega pled not guilty to the charge and proceeded to trial, which began on April 22, 2002. *Id.* at 3-4. After the jury was selected, Ortega's attorney told the court that he "was told . . . just a minute ago that my client had actually already been convicted in county court for

---

[1] Ortega's "Second Motion of Opposition to Respondent's Second Motion for Extension of Time" (Dkt. No. 27), "Second Motion for the Suspension of this Court Orders to Enlarge Deadline" (Dkt. No. 28), and "Motion for Default Judgment" (Dkt. No. 30) are denied.

1

resisting arrest . . . ; therefore, it would seem . . . that this trial actually might be barred by double jeopardy." *The State of Texas v. Robert Lee Ortega*, 2001-1-4146, Volume 4 of 6, at 5. Ortega's attorney objected to proceeding with the trial and the court overruled his objection. *Id.* at 5-6.

After the State rested, Ortega presented to the court certified copies of documents relating to two prosecutions of Ortega in the county court. *Id.* at 89-91. The relevant prosecution involved the charge of resisting an arrest by Officer Doug Carter. *The State of Texas v. Robert Lee Ortega*, 2001-1-4146, Volume 6 of 6, at Judgment and Sentence—Cause No. 12,160. The information alleged that Ortega committed the offense in Refugio County on or about November 4, 2000.[2] *Id.* at Information—Cause No. 12,160. The judgment showed that Ortega plead nolo contendre on December 20, 2000, to resisting an arrest, and the county court found him guilty and sentenced him to forty-six (46) days in jail. *Id.* at Judgment and Sentence—Cause No. 12,160. Ortega's attorney again objected to the trial on double jeopardy grounds, and the court overruled that motion. *The State of Texas v. Robert Lee Ortega*, 2001-1-4146, Volume 4 of 6, at 91.

The jury found Ortega guilty of assault of a public servant and sentenced him to seventy-five (75) years imprisonment on April 26, 2002. *The State of Texas v. Robert Lee Ortega*, 2001-1-4146,Volume 5 of 6, at 149-50.

Ortega appealed, and his conviction was overturned on April 1, 2004. *Ortega v. State*, 131 S.W.3d 698 (Tex. App.--Corpus Christi 2004, pet. granted). The Texas Court of Criminal Appeals ("CCA") granted the State's request for discretionary review and reversed and

---

[2]The indictment in the assault case asserted that the events leading to the indictment happened "on or about the 3rd day of November, A.D. 2000," but there is no question that the same events led to both charges. *Ex Parte Ortega*, Application No. 68,455-01 at 1.

remanded on September 14, 2005. *Ortega v. State*, 171 S.W.3d 895 (Tex. Crim. App. 2005) (en banc). The appellate court, in light of the CCA's reversal, affirmed Ortega's conviction on November 22, 2006. *Ortega v. State*, 207 S.W.3d 911 (Tex. App.–Corpus Christi 2006, no pet.).

After filing a series of state applications for writ of habeas corpus, all of which were denied without written order, Ortega filed the instant action on December 4, 2007.

## II. Claims and Allegations

The Court understands Ortega to challenge his confinement on the following grounds:

(1) Ortega was denied effective assistance of counsel;

(2) Ortega's right to due process was violated when the prosecution failed to turn over *Brady* material;

(3) Ortega was convicted in violation of his right against double jeopardy; and

(4) The trial court erred by refusing to instruct jurors on resisting arrest.

The Court will consider the appropriateness of summary judgment as to each of Ortega's allegations.

## III. Legal Standard

**A.     Summary Judgment**

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v.*

3

*Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[3] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**B.    28 U.S.C. § 2254**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The intent of the AEDPA is to prevent federal habeas

---

[3] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

"retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 693 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 406-13. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 409

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322,

340 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

These standards will be applied to the pending summary judgment motion.

### IV. Analysis

A.     **Ineffective Assistance of Counsel**

  1.     **Standard of Review**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim, a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital

cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993)).

### 2. Application of the Standard

Ortega claims that his attorney was ineffective because he failed to (a) call witnesses, (b) investigate and collect evidence, (c) object to hearsay and perjury, (d) object to the prosecutor's claim of right to prosecute, (e) object when the trial court overruled Ortega's motion for dismissal on double jeopardy grounds, and (f) demand that the jury be instructed on a lesser-included offense.

Where, as here, the highest court of the state has reviewed and denied Ortega's allegations, this Court will only grant federal habeas relief if it can be shown that the adjudication of those allegations was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)).

Ortega points to no evidence to support his claims of ineffective assistance of counsel. His claims that his attorney failed to call witnesses, investigate and collect evidence, and object to hearsay and perjury are bald assertions and do not meet either prong of the *Strickland* test.[4]

---

[4]Respondent asserts that Ortega's claim that his attorney was ineffective because he failed to object to the prosecutor's claim of right to prosecute is procedurally barred. However, this assertion is indistinguishable from Ortega's double jeopardy challenge, as Ortega claims that the prosecutor improperly brought the second charge of assault on a peace officer after obtaining a previous conviction concerning the same event. Even if Ortega did properly exhaust this claim, it would fail on the merits. Because the crimes of resisting arrest and assault on a police officer are distinct, there is no Double Jeopardy Clause violation, *see infra* Part IV.C. Therefore, the fact that the prosecutor brought subsequent charges against Ortega was not objectionable.

Further, Ortega's assertions that his rights were violated when his attorney failed to object when the trial court overruled his motion for dismissal on double jeopardy grounds and failed to demand a jury instruction on a lesser-included offense are without merit. Ortega's attorney *did* object on double jeopardy grounds and *did* demand an instruction on a lesser-included offense, so it is curious that Ortega claims his attorney was ineffective for failing to do so. Moreover, Ortega cannot meet the prejudice prong on either of these claims, as resisting arrest is not a lesser-included offense of assault on a peace officer. *See infra* Part IV.C.

Because the state courts' rulings on the ineffective assistance of counsel claim was not unreasonable or contrary to clearly established federal law, Respondent's Motion for Summary Judgment is granted on this issue.

**B.    Prosecutorial Misconduct—Suppression of Favorable Evidence**

Ortega next maintains that the State failed to disclose evidence favorable to his criminal case. Specifically, Ortega claims the State did not disclose the medical report of Officer Doug Carter.

**1.    Standard of Review**

The government's suppression of favorable evidence that is material to guilt or innocence violates a defendant's right to due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government's duty to disclose extends to both impeachment and exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). To establish a *Brady* violation, a defendant must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant because it was either exculpatory or impeaching; and (3) the evidence was material. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citations omitted). Evidence is

material under *Brady* when there is a "reasonable probability" that the outcome of the trial would have been different if the suppressed evidence would have been disclosed to the defendant. *See United States v. Moore*, 452 F.3d 382, 387-88 (5th Cir. 2006). A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. Further, there is no *Brady* violation if the defendant, using reasonable diligence, could have obtained the information. *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994) (citing *United States v. Ramirez*, 810 F.2d 1338, 1343 (5th Cir. 1987)); *see also West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." (citing *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994)).

### 2. Application of the Standard

Ortega has failed to point to any evidence of a *Brady* violation. Ortega is not able to show that the prosecutor in fact suppressed or withheld evidence, the medical report was favorable, the medical report was exculpatory or impeaching, he could not have obtained the evidence in question through due diligence, or there is a reasonable probability that its disclosure would have changed the outcome of the trial. Although Ortega proceeds *pro se*, he is still required to provide sufficient facts in support of his claim for relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and

unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Ortega has failed to support his claim with sufficient facts showing that the prosecutor engaged in misconduct by withholding material, favorable evidence in violation of *Brady*. Absent such a showing, Ortega fails to demonstrate that the state courts' decisions to reject his claim were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Therefore, Respondent is entitled to summary judgment on this issue.

**C.  Double Jeopardy**

Ortega next claims that his conviction of assault on a peace officer violated the Double Jeopardy Clause because he was previously found guilty of resisting arrest on facts arising out of the same events that led to the charge of assault.

**1.  Standard of Review**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977).

A single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause, however. *Albernaz v. United States*, 450 U.S. 333, 344 n. 3 (1981). The key to determining whether there are in fact two distinct offenses is whether each statute "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "The same-elements test . . . inquires whether each offense contains an

element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see Blockburger*, 284 U.S. 299 (1932).

### 2. Application of the Standard

Resisting arrest requires proof that:

1. A person

2. intentionally

3. prevented or obstructed a peace officer from effecting an arrest

4. knowing the person was a peace officer

5. by using force against the peace officer or another.

Tex. Penal Code Ann. § 38.03(a) (Vernon 2003).

Assault on a peace officer requires proof that:

1. A person

2. intentionally, knowingly, or recklessly

3. caused bodily injury to another

4. who the person knew was a public servant

5. (a) while the public servant was lawfully discharging an official duty, or

    (b) in retaliation or on account of an exercise of official power or performance of an official duty as a public servant.

*Id.* § 22.01(a)(1) & (b)(1).

As the CCA correctly held during Ortega's direct appeal, "[t]he offense of assault required proof of at least one fact that the offense of resisting arrest did not: that the appellant caused bodily injury. The offense of resisting arrest required proof of a fact that the offense of

11

assault did not: that the appellant prevented or obstructed a peace officer from effecting an arrest." *Ortega v. State*, 171 S.W.3d 895, 900 (Tex. Crim. App. 2005) (en banc). Because the state courts' rulings on this claim are not an unreasonable application of—or contrary to—clearly established federal law, Respondent's request for summary judgment is granted.

## D.  Jury Instruction

Ortega's last claim alleges that the trial court violated his due process rights by denying his requested jury instruction on resisting arrest as a lesser-included offense.

### 1.  Standard of Review

In noncapital cases, the failure of the state trial court to give an instruction on a lesser-included offense does not raise a federal constitutional issue. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir.1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir.1985).

### 2.  Application of the Standard

Because Ortega's federal rights were not implicated by the trial court's failure to give an instruction on a lesser-included offense in this noncapital case, Ortega cannot show that the trial court's omission of the requested instruction was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Therefore, Respondent's Motion for Summary Judgment is granted.[5]

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Ortega needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Ortega makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[5] It is also worth noting that the crime of resisting arrest is not a lesser-included offense of assault on a peace officer. *See supra* Part IV.C. Moreover, Ortega had already pled guilty and was sentenced for the crime of resisting arrest.

2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002). To make such a showing, Ortega must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Ortega has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

### VI. Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. No. 34) is **GRANTED**.

2. Petitioner's "Second Motion of Opposition to Respondant's Second Motion for Extension of Time" (Dkt. No. 27), "Second Motion for the Suspension of this Court Orders to Enlarge Deadline" (Dkt. No. 28), and "Motion for Default Judgment" (Dkt. No. 30) are **DENIED**.

3. This action is **DISMISSED**.

4. A certificate of appealability is **DENIED**.

Signed this 15th day of September, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE