**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **ROBERT LEE ORTEGA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-07-109** |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION & ORDER**

By written order and final judgment entered September 15, 2009, the Court denied Petitioner Robert Lee Ortega's ("Ortega") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for assault on a peace office in *State v. Ortega*, No. 2001-1-41-4146 (24th Dist. Ct., Refugio County, Tex., Apr. 26, 2002). (Dkt. Nos. 41 & 42.) Now before the Court is Ortega's "Petition to Reopening the Petition for Writ of Habeas Corpus Filed Pursuant to Title 28 U.S.C. § 2254, Filed by State's Prisoners," filed February 7, 2011, in which Ortega seeks reconsideration of the Court's September 15, 2009 Order pursuant to Federal Rules of Civil Procedure 59 and 60. (Dkt. No. 45.)

**I. Legal Standard**

Because Ortega's motion was filed more than ten days after entry of judgment, Rule 59 cannot be used as the basis for his motion. *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000); *Bass v. Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, the Court construes Ortega's motion as one brought under Rule 60(b). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in § 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

## II. Analysis

Ortega does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b). Rather, he simply argues that he "was denied ineffective assistance of counsel at and during a critical stage of the proceeding, the hearing courpus [*sic*] proceeding," because the attorney he retained to file his habeas petition did not adequately brief Ortega's claim that his conviction violated the Double Jeopardy Clause. (Dkt. No. 45 at 2.) According to Ortega, had his habeas counsel properly presented, refuted, and/or amended Ortega's petition as to his double jeopardy claim, "[Ortega] would have been entitled to relief and/or a minimum remand to the court of appeals for further review." (*Id.*, Ex. 1 at 3.)

The Fifth Circuit has held that no error by counsel in a habeas proceeding will entitle a petitioner to bring a new claim in a successive habeas petition, since there is no constitutional right to counsel in federal habeas proceeding. *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). To the extent that Ortega seeks to reassert his underlying habeas claim that his conviction

2

violated the Double Jeopardy Clause, the Court must treat this claim as part of a successive habeas petition.

Ortega must have advance permission from the United States Court of Appeals for the Fifth Circuit before he can file a successive habeas petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because Ortega has made no showing that the Fifth Circuit has granted him permission to file a successive habeas petition, the Court is without jurisdiction to entertain Ortega's pleading.

**III. Conclusion**

For the reasons set forth above, Ortega's "Petition to Reopening the Petition for Writ of Habeas Corpus Filed Pursuant to Title 28 U.S.C. § 2254, Filed by State's Prisoners" (Dkt. No. 45) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 24th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

3