# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **ROBERT LEE ORTEGA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-07-109** |
| | § | |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Petitioner Robert Lee Ortega's ("Petitioner") Renewed Rule 60(b) Motion (Dkt. No. 57), to which Respondent William Stephens, Director of the Texas Department of Criminal Justice – Correctional Institutions Division ("Respondent") has responded (Dkt. No. 59), and Petitioner has replied (Dkt. No. 60).[1]

## I.   Background

Petitioner is incarcerated pursuant to a judgment of the 24th Judicial District Court of Refugio County, Texas, Cause No. 2001-1-41-4146, styled *The State of Texas v. Robert Lee Ortega*. The State charged Petitioner with assault on a public servant arising out of events on November 3, 2000 involving Officer Doug Carter of the Woodsboro, Texas Police Department. Petitioner pled not guilty to the charge and proceeded to trial, which began on April 22, 2002. After the jury was selected, Petitioner's attorney told the court that he had just been informed that Petitioner had already been convicted in county court for resisting arrest and that the trial may be barred on double jeopardy grounds. Petitioner's attorney objected to proceeding with the trial; however, the court overruled his objection.

---

1. Docket No. 60 is a Motion to Object to Respondent Stephens'[] Response. The Court construes this filing as a motion for leave to file a response and **GRANTS** Petitioner's request.

After the State rested, Petitioner's counsel presented to the court certified copies of documents relating to the charge of resisting arrest by Officer Carter. The information alleged that Petitioner committed the offense in Refugio County on or about November 4, 2000.[2] The judgment showed that Petitioner plead *nolo contendre* to resisting arrest on December 20, 2000, and the county court found him guilty and sentenced him to 46 days in jail. Petitioner's attorney again objected on double jeopardy grounds, and the court again overruled his objection. The jury found Petitioner guilty of assault of a public servant on April 26, 2002 and sentenced him to 75 years imprisonment based on his status as an habitual felony offender.

Petitioner appealed on double jeopardy grounds, and his conviction was overturned on April 1, 2004. *Ortega v. State*, 131 S.W.3d 698 (Tex. App.—Corpus Christi 2004). The Texas Court of Criminal Appeals (CCA) granted the State's request for discretionary review and reversed and remanded on September 14, 2005. *Ortega v. State*, 171 S.W.3d 895 (Tex. Crim. App. 2005) (en banc). In light of the CCA's reversal, the appellate court affirmed Petitioner's conviction on November 22, 2006. *Ortega v. State*, 207 S.W.3d 911 (Tex. App.–Corpus Christi 2006, no pet.).

After filing a series of state applications for writ of habeas corpus, all of which were denied without written order, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 4, 2007. (Dkt. No. 1.) By written order and final judgment entered September 15, 2009, the Court denied the petition. (Dkt. Nos. 41 & 42.) Petitioner thereafter filed a "Petition to Reopening the Petition for Writ of Habeas Corpus Filed Pursuant to Title 28 U.S.C. § 2254, Filed by State's Prisoners" (Dkt. No. 45), whereby Petitioner: (1) reurged his double jeopardy claim; (2) argued that he did not receive notice of the

---

2. The indictment in the assault case asserted that the events leading to the indictment happened "on or about the 3rd day of November, A.D. 2000," but there is no question that the same events led to both charges.

Court's order dismissing his case, which was sent to an attorney he hired to review his § 2254 petition; and (3) asserted that his habeas attorney rendered ineffective assistance. The Court construed Petitioner's "Petition to Reopening" as a motion under Rule 60(b) and denied the motion as an unauthorized successive application on May 24, 2011. (Dkt. No. 47.) On June 6, 2011, Petitioner filed a Motion for Reconsideration and Rehearing (Dkt. No. 48), which the Court denied, again on the grounds that the claims were successive (Dkt. No. 51).

On November 7, 2011, Petitioner moved the United States Court of Appeals for the Fifth Circuit for authorization to file a successive § 2254 application. By written order entered February 8, 2012, the Fifth Circuit ruled that because the claims Petitioner raised in his "Petition to Reopening" constituted a challenge to purported defects in the § 2254 proceeding, the claims were not successive, and Petitioner did not require the Fifth Circuit's permission to proceed with those claims. *In re Robert Lee Ortega*, No. 11-41231 (5th Cir. Feb. 8, 2012) (*per curium*). On March 27, 2012, Petitioner forwarded to the Court a copy of the Fifth Circuit's order (Dkt. No. 54), which the Court never received from the Fifth Circuit.

Petitioner thereafter filed a writ of mandamus asking the Fifth Circuit to compel the undersigned judge to reopen this case. (Dkt. No. 55.) The Fifth Circuit denied Petitioner's request and instructed Petitioner as follows:

> At this stage, Ortega's only remedy is to file a renewed Rule 60(b) motion in the district court, raising his original arguments and advising the court that we have held that they are not successive claims but rather are properly viewed as Rule 60(b) arguments.

(Dkt. No. 56 at 3.) On August 6, 2013, Petitioner filed his Renewed Rule 60(b) Motion as instructed by the Fifth Circuit (Dkt. No. 57).

In his presently-pending motion, Petitioner complains that:

(1) His conviction for assault on a public servant violates his right against double jeopardy because he was also convicted of resisting arrest as part of the same criminal action;

(2) The trial court erred by failing to allow a jury instruction on resisting arrest as a lesser-included offense of assault on a public servant; and

(3) He was denied effective assistance of counsel during his § 2254 proceedings, and had habeas counsel properly briefed issues (1) and (2) above, his habeas petition would have been granted.

## II.   Legal Standard

Pursuant to Rule 60(b), on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in § 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a

4

merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (internal citations omitted).

As set forth in Part II *supra*, the Fifth Circuit previously ruled that Petitioner's claims are not successive, but instead constitute a challenge to purported defects in the § 2254 proceeding itself.

### III.  Analysis

#### A.  Double Jeopardy

Petitioner first reurges his claim that his conviction for assault on a public servant violated the Double Jeopardy Clause because he was previously found guilty of resisting arrest on facts arising out of the same events that led to the charge of assault.

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). However, a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981). The key to determining whether there are in fact two distinct offenses is whether each statute "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "The same-elements test . . . inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger*, 284 U.S. at 304.

In its original Memorandum Opinion & Order denying Petitioner's § 2254 motion, the Court recognized that the Texas CCA correctly dismissed Petitioner's double jeopardy claim on

direct appeal, holding that assault on a public servant and resisting arrest were not the same for double jeopardy purposes because "[t]he offense of assault required proof of at least one fact that the offense of resisting arrest did not: that the appellant caused bodily injury", and "[t]he offense of resisting arrest required proof of a fact that the offense of assault did not: that the appellant prevented or obstructed a peace officer[3] from effecting an arrest." (Dkt. No. 41 at 11–12 (quoting *Ortega v. State*, 171 S.W.3d 895, 900 (Tex. Crim. App. 2005) (en banc)).) *See also Washington v. State*, 326 S.W.3d 302, 312 (Tex. App.–Fort Worth 2010) (holding offenses of assault on a public servant and resisting arrest were not the same for double jeopardy purposes because they each required proof of at least one fact that the other did not).

In support of his motion to reconsider, Petitioner now cites *Sutton v. State*, 548 S.W. 2d 697 (Tex. Crim. App. 1977), for the proposition that resisting arrest is a lesser-included offense of assault of a public servant, and double jeopardy therefore should have attached after he pled guilty to resisting arrest. However, as the District Court for the Northern District of Texas has recognized, *Sutton* was overruled by *Hall v. State*, 225 S.W.3d 524, 531 n.30 (Tex. Crim. App. 2007), and is no longer good law on this point. *Webb v. Thaler*, 2012 WL 1391648, *7 (N.D. Tex. Mar. 29, 2012).

Petitioner has failed to show that the Texas courts' rulings on his double jeopardy claim were contrary to—or involved an unreasonable application of—clearly established Supreme Court precedent. Accordingly, Petitioner's request to reverse the Court's prior dismissal of this claim is denied.

---

3. Petitioner was convicted of assault on a public servant under Texas Penal Code § 22.01(b)(1). However, the Texas Court of Appeals and Court of Criminal Appeals use the terms "peace officer" and "public servant" interchangeably with respect to this crime.

6

**B.     Jury Instruction on Lesser Included Offense**

Petitioner next reurges his claim that the trial court violated his due process rights by denying his requested jury instruction on resisting arrest as a lesser included offense of assault on a public servant.

As set forth in the Court's original Memorandum Opinion & Order denying Petitioner's § 2254 motion, the failure of the state trial court to give an instruction on a lesser-included offense does not raise a federal constitutional issue in noncapital cases. (Dkt. No. 41 at 12 (citing *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985)).) Moreover, as explained in Part III.A, *supra*, the crime of resisting arrest is not a lesser-included offense of assault on a public servant. *See Webb*, 2012 WL 1391648 at*7. The trial court therefore did not commit error in refusing to give this instruction. *See Miller v. State*, 86 S.W.3d 663, 665 (Tex. App.–Amarillo 2002, pet. ref.) (trial court did not err in refusing instruction on resisting arrest because resisting arrest is not a lesser included offense of assault on a public servant); *Gilmore v. State*, 44 S.W.3d 92, 95–96 (Tex. App. – Beaumont 2001, pet. ref.) (same).

Because Petitioner's federal rights were not implicated by the trial court's failure to give an instruction on a lesser included offense in this noncapital case, he cannot show that the trial court's omission of the requested instruction was contrary to—or involved an unreasonable application of—clearly established Supreme Court precedent. Accordingly, Petitioner's request to reverse the Court's prior dismissal of this claim is denied.

**C.     Ineffective Assistance of Habeas Counsel**

Finally, Petitioner complains that his retained habeas counsel, attorney Steven Rozan, rendered ineffective assistance when he failed to: (1) respond to the Court's orders, (2) correct defects in Petitioner's § 2254 motion, and (3) notify Petitioner of the advisory motion he filed

seeking additional time to reply to Respondent's motion for summary judgment, which caused Petitioner to be time barred.

Even assuming these allegations are true, § 2254 explicitly provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). *See also Scheanette v. Quarterman*, 309 Fed. App'x 870, 873 (5th Cir. 2009) (holding that "counsel's alleged failures in drafting [Petitioner]'s federal habeas petition and the district court's failure to respond thereto cannot support a substantial showing of the denial of a constitutional right"). At most, Petitioner is entitled to request that the Court reconsider his previously-asserted habeas claims as set forth in his Rule 60(b) motion, which the Court has done.

## IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a Certificate of Appealability (COA) in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . . that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2254 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their

merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2254 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Petitioner is not entitled to a COA on any of his claims—that is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V.   Conclusion

For the reasons set forth above, Petitioner Robert Lee Ortega's Renewed Rule 60(b) Motion (Dkt. No. 57) is **DENIED**, and this action is **DISMISSED**. Additionally, Petitioner is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 31st day of March, 2014.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

9